UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; ANTHONY MILLARD, M.D.; JOHN WODYNSKI, P.A.; AUNT MARTHA'S YOUTH SERVICES CENTER, INC.; and RICHARD L. JONES, M.D., <br><br> Defendants, <br><br> and GENERAL HOOD, M.D. INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N.; <br><br> Respondents in Discovery. | No. 17 C 1721 <br><br><br> Formerly case no. 2016 L 005460 <br> Circuit Court of Cook County, Illinois |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To: Dorothy Brown
      Clerk of the Circuit Court
      Richard J. Daley Center, Room 1001
      50 West Washington Street
      Chicago, Illinois 60602

      Aaron D. Boeder
      Salvi Schostok & Pritchard PC
      22 West Washington Street, Suite 1600
      Chicago, Illinois 60602

      Kitch Drutchas Wagner
      20 North Clark Street, Suite 600
      Chicago, Illinois 60602

      Cassiday Schade LLC
      20 North Wacker Drive, Suite 1000
      Chicago, Illinois 60606

      Michael Compton
      Cunningham Meyer and Vedrine, P.C.
      One East Wacker Drive, Suite 220
      Chicago, Illinois 60601

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support states the following:

1. On November 30, 2012, plaintiff Fatima Alqadi, deceased, by her mother and special administrator Maria Munoz, commenced the above civil action against Aunt Martha's Youth Services Center, Inc., Richard L. Jones, M.D., and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Aunt Martha's is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Dr. Jones was acting within the scope of his employment at Aunt Martha's with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Aunt Martha's was a private entity receiving grant money from the Public Health Service and that defendant Dr. Jones was acting within the scope of his employment at Aunt Martha's with respect to the incidents referred to in the complaint. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Aunt Martha's Youth Services Center, Inc. and Richard L. Jones, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Aunt Martha's Youth Services Center, Inc. and Richard L. Jones, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY
LAW DIVISION

| | | |
|---|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator;<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; ANTHONY MILLARD, M.D.; JOHN WODYNSKI, P.A.; AUNT MARTHA'S YOUTH SERVICES CENTER, INC.; and RICHARD L. JONES, M.D.;<br><br>Defendants,<br><br>and<br><br>GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N.;<br><br>Respondents in Discovery. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.<br><br>2016L005460<br>CALENDAR/ROOM C<br>TIME 00:00<br>Medical Malpractice |

## COMPLAINT AT LAW

### COUNT I
#### (Dr. Millard et al)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and ANTHONY MILLARD, M.D.; states as follows:

1. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general

1


EXHIBIT

hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

2. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

3. On or about June 30, 2014, and at all times material, ANTHONY MILLARD, M.D. ("DR. MILLARD") was a physician licensed to practice medicine in the State of Illinois.

4. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

5. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

6. On or about June 30, 2014, and at all times material, EMP held itself out to the public generally as a provider of medical services.

7. On or about June 30, 2014, and at all times material, EMP undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

8. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of FRANCISCAN.

9. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of EMP.

10. On June 30, 2014, DR. MILLARD provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

11. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of FRANCISCAN.

12. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an apparent agent of FRANCISCAN.

13. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of EMP.

14. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

15. DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and EMP, breached his duties and was negligent in one or more of the following respects:

> (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;
> (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
> (c) failed to order bile salts; and/or
> (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

16. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and EMP, FATIMA ALQADI was stillborn on July 29, 2014.

17. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

3

18. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

19. The Plaintiff brings this action pursuant to 740 ILCS 180/1 *et seq.*, commonly referred to as the "Wrongful Death Act." Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

20. Attached as Exhibit "B" are a report and affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; demands judgment against Defendants, FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and ANTHONY MILLARD, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT II
(Wodynski et al)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and JOHN WODYNSKI, P.A.; states as follows:

1. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general

4

hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

2. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

3. On or about June 30, 2014, and at all times material, JOHN WODYNSKI, P.A. ("WODYNSKI") was a physician's assistant licensed in the State of Illinois.

4. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physician's assistants, such as WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

5. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

6. On or about June 30, 2014, and at all times material, EMP held itself out to the public generally as a provider of medical services.

7. On or about June 30, 2014, and at all times material, EMP undertook to employ physician's assistants, such as WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

8. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of FRANCISCAN.

9. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of EMP.

10. On June 30, 2014, WODYNSKI provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

11. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of FRANCISCAN.

12. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an apparent agent of FRANCISCAN.

13. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of EMP.

14. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician's assistant would use in the same or similar circumstances.

15. WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and EMP, breached his duties and was negligent in one or more of the following respects:

>  (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;
>  (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
>  (c) failed to order bile salts; and/or
>  (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

16. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and EMP, FATIMA ALQADI was stillborn on July 29, 2014.

17. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

18. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

19. The Plaintiff brings this action pursuant to 740 ILCS 180/1 *et seq.*, commonly referred to as the "Wrongful Death Act." Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

20. Attached as Exhibit "B" are a report and affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; demands judgment against Defendants, FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and JOHN WODYNSKI, P.A.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT III
(Dr. Jones et al)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of AUNT MARTHA'S YOUTH SERVICES CENTER, INC.; and RICHARD L. JONES, M.D.; states as follows:

1. On or about June and July 2014, and at all times material, RICHARD L. JONES, M.D. ("DR. JONES") was a physician licensed to practice medicine in the State of Illinois.

7

2. On or about June and July 2014, and at all times material, AUNT MARTHA'S YOUTH SERVICES CENTER, INC. ("AUNT MARTHA'S") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

3. On or about June and July 2014, and at all times material, AUNT MARTHA'S held itself out to the public generally as a provider of medical services.

4. On or about June and July 2014, and at all times material, AUNT MARTHA'S undertook to employ physicians, such as DR. JONES, for the purpose of providing medical services to individuals like MARIA MUNOZ.

5. On or about June and July 2014, and at all times material, DR. JONES was a member of the staff of AUNT MARTHA'S.

6. On or about June and July 2014, DR. JONES provided prenatal care and treatment to a pregnant MARIA MUNOZ.

7. On or about June and July 2014, MARIA MUNOZ complained to DR. JONES about itching without rash.

8. On or about June and July 2014, MARIA MUNOZ was in the third trimester of her pregnancy with FATIMA ALQADI.

9. While providing medical care and treatment to MARIA MUNOZ, DR. JONES was doing so as an employee and agent of AUNT MARTHA'S.

10. While providing medical care and treatment to MARIA MUNOZ, DR. JONES had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

11. DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA'S, breached his duties and was negligent in one or more of the following respects:

> (a) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
> (b) failed to order bile salts; and/or
> (c) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

12. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA'S, FATIMA ALQADI was stillborn on July 29, 2014.

13. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

14. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

15. The Plaintiff brings this action pursuant to 740 ILCS 180/1 *et seq.*, commonly referred to as the "Wrongful Death Act." Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

16. Attached as Exhibit "B" are a report and affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; demands judgment against Defendants, AUNT MARTHA'S YOUTH SERVICES CENTER, INC.; and RICHARD L. JONES, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT IV
### (Respondents in Discovery)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of the RESPONDENTS IN DISCOVERY, GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N.; states as follows:

1. At all times material, GENERAL HOOD, MD INC., was an Illinois Corporation licensed and registered to do business in the State of Illinois and doing business in Cook County.

2. At all times material, GENERAL HOOD, M.D., provided prenatal care and treatment to MARIA MUNOZ at Defendant, AUNT MARTHA'S YOUTH SERVICES CENTER, INC.

3. While providing medical care and treatment to MARIA MUNOZ, GENERAL HOOD, M.D., was doing so as an employee and agent of GENERAL HOOD, MD INC. and/or AUNT MARTHA'S YOUTH SERVICES CENTER, INC.

4. On June 30, 2014, COLLEEN BEHRENS, R.N., provided care and treatment to MARIA MUNOZ in the emergency department of Defendant, FRANCISCAN ALLIANCE, INC.'s Franciscan St. James Hospital ("FRANCISCAN").

5. On June 30, 2014, while providing nursing services to MARIA MUNOZ, COLLEEN BEHRENS, R.N., was doing so as an employee and agent of Defendant, FRANCISCAN.

6 Respondents GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N., have knowledge of facts essential to the determination of this lawsuit.

7. Without the ability to conduct discovery against Respondents GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N., Plaintiff cannot accurately pursue any action that may be available pursuant to 735 ILCS 5/2-402 of the Illinois Compiled Statutes and all the other statutory provisions pertaining to discovery.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, pursuant to 735 ILCS 5/2-402 of the Illinois Compiled Statutes, brings this action against Respondents in Discovery, GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N.; and requests that said Respondents provide timely responses to all discovery served.

SALVI, SCHOSTOK & PRITCHARD P.C.

By: *[signature]*
Attorneys for Plaintiff

Jeffrey J. Kroll
Aaron D. Boeder
Salvi, Schostok & Pritchard P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
Firm Code: 34560

11

IN THE CIRCUIT COURT OF COOK COUNTY
LAW DIVISION

| | |
|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; ) ) ) Plaintiff, ) ) v. ) ) FRANCISCAN ALLIANCE, INC.; EMERGENCY ) MEDICINE PHYSICIANS OF COOK COUNTY, ) LLC; ANTHONY MILLARD, M.D.; JOHN ) WODYNSKI, P.A.; AUNT MARTHA'S YOUTH ) SERVICES CENTER, INC.; and RICHARD L. ) JONES, M.D.; ) ) Defendants, ) ) and ) ) GENERAL HOOD, MD INC.; GENERAL HOOD ) HOOD, M.D.; and COLLEEN BEHRENS, R.N.; ) ) Respondents in Discovery. | No. |

### ORDER FOR APPROVAL OF PETITION TO APPOINT SPECIAL ADMINISTRATOR

THIS MATTER, coming to be heard upon Plaintiff's Petition to Appoint Special Administrator, pursuant to 740 ILCS 180/2.1, with due notice, and the Court being fully advised, IT IS HEREBY ORDERED:

The Petition is granted and MARIA MUNOZ is appointed Special Administrator of the Estate of FATIMA ALQADI, deceased, for the purpose of prosecuting the above-captioned matter.

ENTERED THIS 27th day of May, 2016.





JUDGE OF THE CIRCUIT COURT
ENTERED
JUDGE MARCIA MARAS - 1781

MAY 27 2016

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

EXHIBIT A

Firm No. 34560

IN THE CIRCUIT COURT OF COOK COUNTY
LAW DIVISION

| | |
|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator;<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; ANTHONY MILLARD, M.D.; JOHN WODYNSKI, P.A.; AUNT MARTHA'S YOUTH SERVICES CENTER, INC.; and RICHARD L. JONES, M.D.;<br><br>Defendants,<br><br>and<br><br>GENERAL HOOD, MD INC.; GENERAL HOOD, M.D.; and COLLEEN BEHRENS, R.N.;<br><br>Respondents in Discovery. | No. |

### 735 ILCS 5/2-622 ATTORNEY'S AFFIDAVIT

I, AARON D. BOEDER, being first dully sworn on oath, due hereby state that I have personal knowledge of the matter set forth in this Affidavit and if called as a witness would competently testify as follows:

1. I am one of the attorneys for the Plaintiff.

2. I have consulted and reviewed the facts of this case with health professionals who I reasonably believe: (i) are knowledgeable in the relevant issues involved in this particular action; (ii) practice or have practiced within the last six (6) years, or teach or have taught within the last six (6) years in the same area of health care or medicine that are at issue in this particular



action and; (iii) are qualified by experience or demonstrated a competence in the subjects of this case. That the reviewing health professionals have determined in a written report, after a review of the medical records and other relevant medical materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action. The affiant has concluded on the basis of the reviewing health professional's review and consultation that there is reasonable and meritorious cause for filing this action.

3. The Plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same facts, omissions or occurrences.

FURTHER AFFIANT SAYETH NOT.

_____
Aaron D. Boeder

Subscribed and sworn to before me
this 26th day of May, 2016.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MARTHA VALENCIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/03/18

Aaron D. Boeder (ARDC#6302427)
SALVI, SCHOSTOK & PRITCHARD, P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
312.372.1227
(Firm No. 34560)

2

# Exhibit B

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Estate of Fatima Alqadi, Deceased, etc. v. Franciscan Alliance, Inc., et. al.*, No. 2016 L 5460 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Aunt Martha's Youth Services Center, Inc. ("the health center") was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Richard L. Jones, M.D., was acting within the scope of his employment at the health center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Richard L. Jones, M.D., and Aunt Martha's Youth Services Center, Inc. are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

    s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: March 2, 2016